IN RE HILL DRAINAGE DISTRICT No. 115, ET AL., Appellees, v. BOARD OF SUPERVISORS OF HAMILTON COUNTY, IOWA, ET AL., Appellants.

Drainage: ASSESSMENT OF BENEFITS: EVIDENCE: APPEAL. The
1  assessment of benefits in drainage proceedings are largely matters of approximation; and in view of the better opportunity of the trial court, because seeing and hearing the witnesses, to obtain knowledge of the character of the land, and to apportion the cost of the improvement, its finding based upon conflicting evidence will not generally be disturbed on appeal. The action of the court in reducing the assessment in this action is sustained by the evidence.

Same: NOTICE OF APPEAL: SUFFICIENCY. Notice of appeal from the
2  assessment of benefits, which stated the total amount of the several assessments appealed from, is sufficient; even though there were two appellants and they owned several tracts which were separately assessed, where they had filed proper objections before the board against each assessment and the board had made the assessments separately but in one order.

*Appeal from Hamilton District Court.*—HON. C. E. ALBROOK, Judge.

MONDAY, NOVEMBER 17, 1913.

THE board of supervisors made an assessment of benefits to the lands of James I. and L. Hill, and the landowners ap-

pealed to the district court.  Upon a trial in that court the assessments were reduced, and the assessment on the land of James I. Hill, individually, of $347.55 was reduced to $200, and the assessments upon two tracts owned by James I. and Leonard Hill of $1,000 and $124.95, respectively, were reduced by making the former assessment $600, and leaving the other as fixed by the board.  The board of supervisors appeal. *Affirmed.*

*J. M. Blake* and *D. C. Chase,* for appellants.

*J. L. Kamrar* and *A. N. Boeye,* for appellees.

DEEMER, J.—I.  The only questions in the case are of fact. The issues tendered by the landowners before the board and in the district court were that the ". . . assessments against the lands of the appellees were unjust in and of themselves, and inequitable, because they were larger than were other assessments in the same district against other tracts similarly situated, and because the lands of the appellees were made to bear, by the assessments proposed, more than their just and proportionate share of the cost of the improvement."

There are three forty-acre tracts of land involved. They lie in a tier north and south.  The assessment on the southernmost one was not disturbed, and no questions are made on this appeal regarding that assessment.  In the trial below, plaintiffs introduced four witnesses who gave their opinions as to the amount the several tracts should be assessed and their reasons therefor.  Two of these witnesses were drainage engineers, another was a tenant living on the land, and the fourth was one of the owners.  Defendants used the original drainage engineer, who was one of the commissioner, to assess benefits and three landowners in the district. Plaintiffs' witnesses testified substantially to the effect that the north forty received but little, if any, benefit, and that the

1. DRAINAGE: assessment of benefits: evidence: appeal.

middle forty was assessed much too high; one of them saying it should not have been assessed for more than $400, and the other said for no more than $600. The reasons for their opinions were practically the same, and the testimony fairly shows, we think, that, while a thirty-six-inch tile runs through all the forties, emptying into an open ditch just south of the south forty, this drain had to be placed so near the surface that the lands which were low and flat could not be tiled into this large tile, and that the only benefit it would be would be to a rod or so of the land on either side of the main tile. It is practically agreed that the middle forty was flat, covered with rushes and weeds, and with moss about twelve inches deep, and that the main tile was at no place lower than eight inches below the moss, and at some places a little above the bottom of the moss. It had been laid in this manner because of the shallowness of the open ditch into which it entered. The tenant of the land testified that, as a matter of fact, the tile drained but little, if any, of he land, and it is agreed that, save as indicated, it did not take the surface water off the land. The engineer in charge of the work testified that by tiling into the open ditch practically all of the middle forty could be drained; but he admitted that it could not all be so drained, and that it could not be drained out through the large tile, but that, as the large tile would take care of most of the surface water which theretofore came down upon it, he thought most of the land could be farmed, provided plaintiffs drained into the open ditch instead of into the tile.

On the other hand, plaintiffs' engineer, while admitting that the tile would take up considerable of the surface water, which formerly came upon it from the north, said that it would not take care of heavy floods, and that, as the only way plaintiffs could drain their lands would be into the open ditch which was already there when this improvement was made, its only benefits were as above stated. Comparisons were also made by several witnesses of the assessments complained of with that against other lands, and as usual these witnesses differed. At

best, these assessments are a matter of approximation, and as the trial court is so much better able than we are to determine the very right of the matter, because of hearing and seeing the witnesses, and his opportunity to know the character and lay of the land, and to make proper apportionment of the assessment of benefits, we do not, as a rule, interfere, particularly where the testimony, as here, is conflicting, and the witnesses disagree. There is nothing in the case which leads us to believe that the trial court erred, either in the basis adopted for the assessments, or in applying the testimony with reference thereto.

II. Defendants' motion to dismiss the case because plaintiffs did not properly appeal from the board to the district court is overruled. The notice of appeal was as follows:

[Title of Case.] To the Above-Named Defendants, and A. J. Peterson, Co. Auditor: You and each of you are hereby notified that James I. Hill and L. Hill have appealed to the district court of Hamilton county, Iowa, from the award of benefit assessments in the above-entitled matter, and from the findings, proceedings, and orders of the board of supervisors of Hamilton county, Iowa in reference thereto, and especially from the order of the board of supervisors made and entered on the 4th day of January, 1912, wherein and whereby the said board of supervisors confirmed the award of the benefit assessors, and assessed the appellants the sum of $1,473.15 as benefits in said matter, and you and each of you are hereby further notified that this appeal will come on for hearing and final determination at the February, 1912, term of the district court of Hamilton county, Iowa, which said term of court will be begun and holden at the courthouse in Webster City, Hamilton county, Iowa, on the 19th day of February, 1912. Of which you will take due notice, and govern yourselves accordingly.

The total of the assessments was the amount stated in this notice, and we do not think that either separate notices

should have been given as to each assessment or that the assessment on each forty-acre tract should have been specifically set out. Plaintiffs had filed proper objections and exceptions before the board as to the assessments against each forty-acre tract and the board made an assessment against each forty in one order after hearing plaintiffs' objections to the several assessments. The total of these was properly given in the notice of appeal, and the appeal was from the one order. The notice was, as we think, sufficiently definite and certain to identify the order and assessments appealed from.

**2. SAME: notice of appeal: sufficiency.**

The decree must be and it is *Affirmed*.

WEAVER, C. J., and GAYNOR and WITHROW, JJ., concurring.